**SO ORDERED.**

**SIGNED February 15, 2006.**

_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE

_____

```
               UNITED STATES BANKRUPTCY COURT
                WESTERN DISTRICT OF LOUISIANA

IN RE:

SUMMER ROBINSON                           CASE NO. 05-52536

     Debtor                               CHAPTER 7
-----------------------------------------------------------
                      MEMORANDUM RULING
-----------------------------------------------------------
```

Summer Robinson ("Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code[1] on September 20, 2005 ("Petition Date"). Elizabeth G. Andrus ("Trustee") is the duly appointed and qualified chapter 7 trustee.

Debtor listed the following property in both Schedule B (Personal Property) and Schedule C (Property Claimed as Exempt):

> Engagement ring with an estimated liquidation value of between $4,000 and $6,000.

---

[1] Title 11, United States Code. References herein to sections of the Bankruptcy Code are shown as "section ___."

The Trustee timely filed her Trustee's Objection to Property Claimed as Exempt ("Objection") alleging that the Debtor was not married and is therefore not entitled to the exemption under Louisiana law.

An "estate" is created upon the filing of a bankruptcy petition.[2] Generally speaking, and with limited exceptions, the estate is comprised of all legal and equitable interests of the debtor in property, including exempt property.[3] Debtors are granted the right, however, to claim certain assets as exempt.[4] Unless a party in interest objects to the claim of exemption within 30 days of the conclusion of the section 341(a) meeting of creditors, the exemption is allowed and the exempt property is no longer property of the estate.[5]

As Louisiana is an "opt out" state, debtors who file for relief under the Bankruptcy Code in Louisiana are allowed to claim only those exemptions allowed by Louisiana law and non-bankruptcy

---

[2] Section 541(a).

[3] *Ibid.*

[4] Section 522(a).

[5] Rule 4003(b), Federal Rules of Bankruptcy Procedure.

05-52536 - #17  File 02/15/06  Enter 02/15/06 13:39:17  Main Document  Pg 2 of 4

federal law.[6]  Further, the United States Supreme Court has determined that the law of the opt out state determines the scope of the exemption.[7]

Louisiana law provides for the following exemption:

> Any wedding or engagement rings worn by either spouse, provided the value of the ring does not exceed five thousand dollars.[8]

Preliminarily, however, the Debtor asserts that the issue of exemption is irrelevant as she now contends that the ring was not and is not property of the estate[9]. She argues that the ring was a conditional gift from her fiancé, with the condition being the completion of the wedding ceremony, which had not yet taken place by the Petition Date.

The court agrees with the Debtor's assertion that Louisiana law recognizes the validity of donations given in contemplation of marriage and provides that such donations are conditional[10].

---

[6] Section 522(b), and LSA-R.S. 13:3881(B)(1).

[7] *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833 (1991).

[8] LSA-R.S. 13:3881(A)(5).

[9] Subsequent to the hearing on the Objection, the Debtor amended Schedule B to delete the ring and also amended the Statement of Affairs to indicate that she held the ring which was owned by her fiancé.

[10] Louisiana Civil Code Article 1559 and 1744.

Page 3

The court's review of Louisiana law on the subject, however, compels the conclusion that upon delivery of such a conditional gift, the donee, here the Debtor, does acquire an interest in the property. In fact, the conditional donee has the ability to transfer such property.[11] In the event the condition is not met, *i.e.*, the Debtor does not go through with the wedding, the Debtor may be forced to return the ring or its value if her fiance' files suit against her.[12]

Under section 541, the fact that the Debtor undeniably has an interest in the ring, whether or not there may be strings attached, makes the ring property of the bankruptcy estate.

With respect to the issue of exemption under applicable Louisiana law, LSA-R.S. 13:3881(A)(5) specifically requires that the wedding or engagement ring must be "worn by either spouse." As the Debtor was not a spouse on the Petition Date, she is not entitled to claim the exemption.

For the foregoing reasons, the Objection is **SUSTAINED** and the claimed exemption is **DISALLOWED.**

**IT IS HEREBY ORDERED.**

**###**

---

[11] Louisiana Civil Code Article 1568.

[12] Louisiana Civil Code Article 1566.

Page 4